UNITED STATES OF AMERICA

DISTRICT OF CONNECTICUT

| UNITED STATES OF AMERICA | CRIM. NO. 3:18-cr-161 (VAB) |
|---|---|
| v. | |
| BENICIO VASQUEZ | July 20, 2019 |

GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The defendant faces an advisory sentencing range of 30 to 37 months of imprisonment as a result of his unlawful possession of a loaded firearm. He has been detained for twelve months, since his arrest on July 19, 2018. To Mr. Vasquez's credit, he quickly admitted that he possessed the gun. His explanation for why he unlawfully possessed the gun – that he needed the weapon for protection – underscores the need for the Court's sentence to promote respect for the law, afford adequate deterrence, and to protect society.

There is one procedural matter that must be addressed at the outset of Mr. Vasquez's sentencing. In *Rehaif v. United States*, 139 S. Ct. 2191 (2019), the Supreme Court broke with every circuit court to have considered the issue and held that a defendant's knowledge "that he fell within the relevant status (that he was a felon, an alien unlawfully in this country, or the like)" is an element of a Section 922(g) offense. Mr. Vasquez pleaded guilty on March 25, 2019, a few months before *Rehaif* was decided. Accordingly, the Government submits that the Court should give the defendant the choice of whether to (1) stipulate to or admit knowledge of his status as a felon on the record at sentencing, or (2) move to withdraw the plea with the Government's acquiescence.

Offense Conduct

In late June/early July 2018, FBI task force officers coordinated a series of small drug buys from Mr. Vasquez, who was selling heroin and crack cocaine on Wyllis Street in Hartford.

Investigators then obtained an arrest warrant for Mr. Vasquez. On July 19, 2018, investigators arrested Mr. Vasquez as he was exiting 9-11 Wyllys Street. The investigators identified the apartment Mr. Vasquez had just occupied. They obtained consent from the occupant of that apartment to search the rooms. In the front bedroom, investigators saw a Taurus .357 caliber revolver on a shelf in an open closet. The firearm contained six rounds of ammunition.

Mr. Vasquez, having been advised of his *Miranda* rights, admitted that the gun was his. He explained that he obtained it for protection, which is in a sense true, given that he has been shot five times in his life. Part of the need for protection, however, is that drug dealing often necessitates violence and the need for protection.

<u>Sentencing Factors</u>

Under 18 U.S.C. § 3553(a), a sentencing judge must consider the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," as well as "to afford adequate deterrence to criminal conduct" by the public and "to protect the public from further crimes of the defendant." An appropriate sentence must also take into account "the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a).

The seriousness of the offense is indisputable, and ought to guide the court's sentencing analysis. In addition, the Court's sentence must promote respect for the law, afford adequate deterrence to Mr. Vasquez, and, ultimately, protect society.

Mr. Vasquez's criminal history is either Category IV or V.[1] Regardless of how this discrepancy is resolved, the salient point is that even under the more favorable calculation, Mr.

---

[1] The parties calculated the defendant's criminal history to be Category IV, and the defendant has objected to the Probation Officer's conclusion that the defendant's criminal history is Category V. The Government submits that pursuant to *United States v. Fernandez*, 877 F.2d 1138 (2d Cir. 1989), the Court should give

Vasquez has amassed a serious criminal history. He is now 34 years old, and even after a series of prior jail terms and incremental punishment, he was caught with a loaded gun last summer. Mr. Vasquez was convicted of Third Degree Money Laundering, a violation of C.G.S. § 53a-278, on March 1, 2016, and sentenced to 18 months of imprisonment. He was convicted of Sale of a Controlled Substance, a violation of C.G.S. § 21a-277(b), on February 4, 2005, and sentenced to two years of imprisonment. He was convicted of Sale of a Controlled Substance, a violation of C.G.S. § 21a-277(b), on April 2, 2004, and sentenced to four years of imprisonment, execution suspended, and three years of probation. He was convicted of Possession of Narcotics, a violation of C.G.S. § 21a-279(a), on June 27, 2003, and sentenced to 60 days of imprisonment. He also has approximately seven misdemeanor convictions (mostly for driving under suspension). This history underscores the need for a sentence to promote respect for the law and to deter Mr. Vasquez from re-offending.

On the other side of the ledger, the defendant has endured a traumatic upbringing. PSR ¶¶ 50-54. And he has suffered from multiple shootings that have caused PTSD. PSR ¶¶ 67 and 101. To his credit, Mr. Vasquez has been able to refrain from abusing narcotics since his youngest son was born and, moreover, has described a lengthy employment history to the Probation Officer. PSR ¶ 100. These factors – in addition to the need to deter Mr. Vasquez from committing future crime and to promote respect for the law – should be considered by the Court in determining a fair, just and reasonable disposition.

As the Court well knows, if any defendant is going to have a chance of leading a law abiding life following a term of incarceration, he must have a transition plan. It appeared that the

---

effect to the plea agreement, which would result in an advisory sentencing range of 30 to 37 months of imprisonment.

defendant had such a plan. PSR ¶¶ 55 and 68. The government has recently learned that Mr. Vasquez is no longer in a relationship with his girlfriend, which means that he will not have her support at finding employment and living outside of Hartford.[2] This development means that Mr. Vasquez must develop an alternative plan. Simply put, living in Hartford is inimical to Mr. Vasquez's short- and long-term wellbeing.

                                                           Respectfully submitted,

                                                           JOHN H. DURHAM
                                                           UNITED STATES ATTORNEY

                                                           MICHAEL J. GUSTAFSON
                                                           ASSISTANT UNITED STATES ATTORNEY
                                                           Federal Bar No. CT01503
                                                           United States Attorney's Office
                                                           450 Main Street, Room 328
                                                           Hartford, CT 06103

## CERTIFICATE OF SERVICE

      I hereby certify that on July 20, 2019, a copy of the foregoing was filed electronically, and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system, or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

                                                           _____
                                                           MICHAEL J. GUSTAFSON
                                                           ASSISTANT U.S. ATTORNEY

---

[2] The government has obtained a copy of correspondence sent from Mr. Vasquez to his former girlfriend. The letter has been filed under seal as Ex. 1.